IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HIGH PROTECTION COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>PROFESSIONAL AIR TRANSPORTATION, LLC; RADIANT LOGISTICS, INC.; ADCOM WORLDWIDE; RADIANT GLOBAL LOGISTICS, INC.; FELIPE LAKE; RUBENS CORREA; and DOES 1–100,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ALLOWING DISCOVERY AND REQUIRING SUPPLEMENTAL BRIEFING<br><br><br><br>Case No. 2:14-cv-00466-TC-BCW |

       Plaintiff High Protection Company (High Protection) filed this lawsuit in Third Judicial District Court for the State of Utah. Defendants removed the action to federal court. (ECF No. 2.) On June 24, 2016 the court requested simultaneous briefing on whether the court has subject-matter jurisdiction. (ECF No. 32.)

       At the August 5, 2016 hearing on that question, a factual dispute arose about whether the terms and conditions of the bill of lading, which was attached to the High Protection's complaint, represented the agreement between the parties. High Protection contends that the bill did not memorialize their agreement and,

accordingly, the bill's forum-selection clause is not enforceable. The parties agree that discovery is necessary to determine whether the terms and conditions are binding on the parties.

In addition to that issue, Defendants argue that the bill incorporates the one-year statute of limitations that is part of the Carriage of Goods by Sea Act (COGSA), 49 Stat. 1207, as amended, note following 46 U.S.C § 30701 (2012). While section 13 of COGSA allows a shipper and carrier to extend the statute's force to shipments between ports of the United States, it does not authorize parties to extend its force over those shipments between foreign ports. 49 Stat. 1212–13; see also Royal Ins. Co. of Am. v. Orient Overseas Container Line, LTD, 525 F.3d 409, 418–419 (6th Cir. 2008); Foster Wheeler Energy Corp. v. An Ning Jiang MV, 383 F.3d 349, 354–56 (5th Cir. 2004); In re Damodar Bulk Carriers, Ltd., 903 F.2d 675, 680 (9th Cir. 1990); Joe Boxer Corp. v. Fritz Transp. Int'l, 33 F. Supp. 2d 851,855 (C.D. Cal. 1998).

The shipment here originated in Aqaba, Jordan. Everyone intended the goods to be delivered to Afghanistan, but the actual, final destination was Karachi, Pakistan. At no point did the shipment touch a port of the United States. If COGSA is not applicable by its own force as a federal statute, but instead by

contractual force, then there is a possibility that other substantive maritime law (for example, the Hague Rules, Hague-Visby Rules, SDR Protocol, or Hamburg Rules) compulsorily supersedes the contractual terms. That might affect whether (1) the High Protection's claims are time-barred and (2) the court has subject-matter jurisdiction under 18 U.S.C. § 1331.

## ORDER

The court directs the parties to undergo more discovery on these issues. If a party wants a deadline for discovery, it may stipulate or move the court to set one. The Defendants, who bear the burden to establish subject-matter jurisdiction, must file a memorandum that addresses these issues on or before January 17, 2017. High Protection's response memorandum is due on or before February 17, 2017. If Defendants wish to reply, they may on or before March 3, 2017. If parties need more time, they may move for an extension. All memoranda should include legal authority and statements of fact that are supported with admissible evidence.

DATED this 9th day of August, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge